Receipt #056749

ORIGINAL

FILED
MAR 21 2003
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **GULF INSURANCE COMPANY**<br>**125 Broad Street**<br>**8th Floor**<br>**New York, New York 10004,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **CASE NO.** 03- 626C |

## COMPLAINT

COMES NOW Gulf Insurance Company, by counsel, and for its Complaint against the United States of America alleges as follows:

## PARTIES

1. Plaintiff Gulf Insurance Company ("Gulf") is a corporation organized and existing under the laws of the State of Missouri. At all times relevant hereto, Gulf was engaged in the insurance and surety industry, including the issuance of payment and performance bonds for construction projects.

2. The Defendant is the United States of America ("Government").

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to the Tucker Act, 28 U.S.C. § 1491.

## BACKGROUND

4. On or about February 18, 1998, the Government, acting through the United States Army Engineer District, St. Louis, entered into Contract No. DACW43-98-C-0407 ("Contract") with Womack Brothers ("Womack") for a project designated as Shower Building Replacement, North Sandusky Access Area, Rend Lake, Big Muddy River, in Franklin County, Illinois ("Project").

5. On or about March 12, 1998, Gulf, as surety for Womack, provided a performance bond ("Performance Bond") and a payment bond ("Payment Bond") for the Project in accordance with the Miller Act, 40 U.S.C. § 270 et seq. Copies of the Performance Bond and the Payment Bond are attached as Exhibit 1 and incorporated herein by reference. The Performance Bond and Payment Bond were provided pursuant to a General Agreement of Indemnity between Gulf and Womack.

6. The Performance Bond and the Payment Bond were received and accepted by the Government.

7. On or about February 10, 1999, the Government was notified by mail that Gulf had received formal notice of claim from one of Womack's suppliers on the Project. The notice stated, in relevant part:

> Therefore, in accordance with the surety's equitable subrogation rights and further rights granted under the General Indemnity Agreement executed by Womack Brothers, it is hereby requested that no further payments be released to Womack Brothers or for its benefit, without the prior consent of this office.

A copy of Gulf's February 10, 1999 notice is attached at Exhibit 2 and incorporated herein by reference.

8. Subsequent to Gulf's February 10, 1999 notice to the Government, Gulf incurred losses in excess of $90,000.00 in connection with unsatisfied claims of Womack's subcontractors and suppliers on the Project. Gulf incurred these losses pursuant to its obligations under the Payment Bond provided for the Project.

9. On or about March 22, 1999 Womack's work under the Contract was substantially completed and accepted by the Government.

10. Subsequent to March 22, 1999, the Government made four (4) payments to Womack totaling $56,937.38. Such payments were made without notice to Gulf and without Gulf's consent.

**COUNT I**
(Wrongful Disbursement)

11. The allegations contained in paragraphs 1 through 10 above are incorporated herein by reference.

12. Upon performance of its obligations under the Payment Bond, Gulf was equitably subrogated to Womack's contractual rights against the Government.

13. Upon receiving Gulf's notification regarding the unsatisfied claim of Womack's supplier, the Government became a stakeholder with respect to the remaining Contract funds not yet expended, including the $56,937.38 paid to Womack after March 22, 1999.

14. As a stakeholder, the Government had a duty to avoid actions that would impair Gulf's interest in Contract funds payable for work performed.

15. The Government breached its duty to Gulf by wrongfully disbursing payments to Womack totaling $56,937.38 after March 22, 1999.

16. As a direct result of the Government's wrongful disbursements, Gulf has incurred damages in the amount of $56,937.38.

WHEREFORE, Plaintiff Gulf Insurance Company respectfully requests that judgment be entered in its favor against the Government in the amount of $56,937.38, plus interest and costs.

DATED: March 21, 2003

Respectfully submitted,

Robert G. Barbour, Esquire
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
7929 Westpark Drive, Suite 400
McLean, Virginia 22102
(703) 749-1000 (Telephone)
(703) 893-8039 (Facsimile)

Attorney for Plaintiff
Gulf Insurance Company

**PERFORMANCE BOND**
*(See instructions on reverse)*

BOND NO. AE5943979

DATE BOND EXECUTED *(Must be same or later than date of contract)*: March 12, 1998

OMB No.: 9000-0045
Expires: 09/30/98

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

PRINCIPAL *(Legal name and business address)*

Womack Brothers
P.O. Box 158
2211 State Route 13
Lenzburg, IL 62255

TYPE OF ORGANIZATION *("X" one)*

- [ ] INDIVIDUAL
- [X] PARTNERSHIP
- [ ] JOINT VENTURE
- [ ] CORPORATION

STATE OF INCORPORATION

SURETY(IES) *(Name(s) and business address(es))*

Gulf Insurance Company
5550 West Touhy Avenue, Suite 202
Skokie, IL 60077-3200

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 000 | 180 | 000 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| February 18, 1998 | DACW43-98-C-0407 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The Principal has entered into the contract identified above.

THEREFORE:

The above obligation is void if the Principal -

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:

The Principal and ~~Surety(ies)~~ executed this performance bond and affixed their seals on the above date.

PRINCIPAL

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | [signature] (Seal) | (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | Womack Brothers<br>James S. Womack<br>Partner | | | |

INDIVIDUAL SURETY(IES)

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) *(Typed)* | | |

CORPORATE SURETY(IES)

| SURETY A | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | Gulf Insurance Company<br>Skokie, IL | STATE OF INC.: Missouri | LIABILITY LIMIT: $ 25,678,000.00 | Corporate Seal |
| SIGNATURE(S) | 1. [signature] | 2. | | |
| NAME(S) & TITLE(S) *(Typed)* | 1. Robert P. McCarty, Dann Insurance<br>Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (REV. 5-96)
Prescribed by GSA-FAR (48 CFR) 53.228(b)

53-17

B-5

CORPORATE SURETY(IES) *(Continued)*

| | | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

| BOND PREMIUM | RATE PER THOUSAND ($) | TOTAL ($) |
|---|---|---|
| | 20.00/1,000 | 3,600.00 |

INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

| PAYMENT BOND (See Instructions on Page 2) | DATE BOND EXECUTED (Must be same or later than date of contract) | FORM APPROVED OMB NO. |
|---|---|---|
| BOND NO. AE5943979 | March 12, 1998 | 9000-0045 |

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

**PRINCIPAL (Legal name and business address)**
Womack Brothers
P.O. Box 158
2211 State Route 13
Lenzburg, IL 62255

**TYPE OF ORGANIZATION ("X" one)**
☐ INDIVIDUAL ☒ PARTNERSHIP
☐ JOINT VENTURE ☐ CORPORATION

**STATE OF INCORPORATION**

**SURETY(IES) (Name(s) and business address(es))**
Gulf Insurance Company
5550 West Touhy Avenue, Suite 202
Skokie, IL 60077-3200

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 000 | 90 | 000 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| February 18, 1998 | DACW43-98-C-0407 |

**OBLIGATION:**
We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**
The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**
The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**PRINCIPAL**

| | | | | |
|---|---|---|---|---|
| Signature(s) | 1. [signature] (Seal) | 2. (Seal) | 3. (Seal) | CORPORATE SEAL |
| Name(s) & Title(s) (Typed) | 1. Womack Brothers James S. Womack Partner | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| | | |
|---|---|---|
| Signature(s) | 1. (Seal) | 2. (Seal) |
| Name(s) (Typed) | 1. | 2. |

**CORPORATE SURETY(IES)**

| | | | | | |
|---|---|---|---|---|---|
| SURETY A | Name & Address | Gulf Insurance Company Skokie, IL | STATE OF INC. Missouri | LIABILITY LIMIT $ 25,678,000.00 | CORPORATE SEAL |
| | Signature(s) | 1. [signature] | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. Robert P. McCarty, Dann Insurance Attorney-in-Fact | 2. | | |

CORPORATE SURETY(IES) (Continued)

| | | | | | |
|---|---|---|---|---|---|
| SURETY B | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |
| SURETY C | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |
| SURETY D | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |
| SURETY E | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |
| SURETY F | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |
| SURETY G | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

**GULF INSURANCE COMPANY**
**KANSAS CITY, MISSOURI**

# POWER OF ATTORNEY

BOND NUMBER AE 5943979

| PRINCIPAL: NAME, ADDRESS CITY, STATE, ZIP |
|---|
| Womack Brothers<br>P.O. Box 158<br>2211 State Route 13<br>Lenzburg, IL 62255 |
| EFFECTIVE DATE |
| March 12, 1998 |
| CONTRACT AMOUNT |
| $ 180,000.00 |
| BOND AMOUNT |
| $ 180,000.00 - Performance<br>90,000.00 - Payment |

**ORIGINALS OF THIS POWER OF ATTORNEY ARE PRINTED ON BLUE SAFETY PAPER WITH TEAL INK. DUPLICATES SHALL HAVE THE SAME FORCE AND EFFECT AS AN ORIGINAL ONLY WHEN ISSUED IN CONJUNCTION WITH THE ORIGINAL.**

KNOWN ALL MEN BY THESE PRESENTS: That the Gulf Insurance Company, a corporation duly organized under the laws of the State of Missouri, having its principal office in the city of Irving, Texas, pursuant to the following resolution, adopted by the Finance & Executive Committee of the Board of Directors of the said Company on the 10th day of August, 1993, to wit:

"RESOLVED, that the President, Executive Vice President or any Senior Vice President of the Company shall have authority to make, execute and deliver a Power of Attorney constituting as Attorney-in-Fact, such persons, firms, or corporations as may be selected from time to time; and any such Attorney-in-fact may be removed and the authority granted him revoked by the President, or any Executive Vice President, or any Senior Vice President, or by the Board of Directors or by the Finance and Executive Committee of the Board of Directors.

RESOLVED, that nothing in this Power of Attorney shall be construed as a grant of authority to the attorney(s)-in-fact to sign, execute, acknowledge, deliver or otherwise issue a policy or policies of insurance on behalf of Gulf Insurance Company.

RESOLVED, that the signature of the President, Executive Vice President or any Senior Vice President, and the Seal of the Company may be affixed to any such Power of Attorney or any certificate relating thereto by facsimile, and any such powers so executed and certified by facsimile signature and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond and documents relating to such bonds to which they are attached."

Gulf Insurance Company does hereby make, constitute and appoint

Robert P. McCarty of Edwardsville, Illinois

its true and lawful attorney(s)-in-fact, with full power and authority hereby conferred in its name, place and stead, to sign, execute, acknowledge and deliver in its behalf, as surety, any and all bonds and undertakings of suretyship, and to bind Gulf Insurance Company thereby as fully and to the same extent as if any bonds, undertakings and documents relating to such bonds and/or undertakings were signed by the duly authorized officer of the Gulf Insurance Company and all the acts of said attorney(s)-in-fact, pursuant to the authority herein given, are hereby ratified and confirmed.

The obligation of the Company shall not exceed one million ($1,000,000.00) dollars.

**IN WITNESS WHEREOF, the Gulf Insurance Company has caused these presents to be signed by any officer of the Company and its Corporate Seal to be hereto affixed.**

GULF INSURANCE COMPANY CORPORATE SEAL MISSOURI

**GULF INSURANCE COMPANY**

*[signature]*

**Christopher E. Watson**
**President**

**STATE OF NEW YORK ) SS**
**COUNTY OF KINGS )**

**On this 1st day of June, 1996 A.D., before me came Christopher E. Watson, known to me personally who being by me duly sworn, did depose and say; that he resides in the County of Westchester, State of New York; that he is the President of the Gulf Insurance Company, the corporation described in and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to the said instruments is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name, thereto by like order.**

SPIRO K. BANTIS NOTARY PUBLIC STATE OF NEW YORK

*[signature]*

**SPIRO K. BANTIS**
**Notary Public, State of New York**
**No. 24-4861345**
**Qualified in Kings**
**Commission Expires May 12, 1998**

**STATE OF NEW YORK ) SS**
**COUNTY OF NEW YORK )**

**I, the undersigned, Executive Vice President of the Gulf Insurance Company, a Missouri Corporation, DO HEREBY CERTIFY that the foregoing and attached POWER OF ATTORNEY remains in full force.**

**Signed and Sealed at the City of New York.**

GULF INSURANCE COMPANY CORPORATE SEAL MISSOURI

**Dated the** 12th **day of** March **, 19** 98

*[signature]*

**Lawrence P. Miniter**
**Executive Vice President**

STATE OF ILLINOIS)

COUNTY OF MADISON)

On this 12th day of March 19 98, before me a Notary Public within and for said county personally appeared Robert P. McCarty to me personally known, who being by me duly sworn is the ATTORNEY-IN-FACT of Gulf Insurance Company the corporation named in the foregoing instrument, and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation, by authority of its Board of directors and said Robert P. McCarty, acknowledge said instrument to be the free act and deed of said corporation.

My commission expires 12/16/01 Gloria J Johnson

Notary Public

OFFICIAL SEAL
GLORIA J. JOHNSON
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/16/01

COP,™ INCORPORATED

CONTRACT OPERATIONS PLANNING, INCORPORATED

(216) 447-9004
FAX: (216) 447-9137

10055 SWEET VALLEY DRIVE, VALLEY VIEW, OHIO 44125

February 10, 1999

Jay Fowler
Dept. of the Army, St. Louis Dist.
Ray Building
St. Louis, MO 63103

RE: Principal: Womack Brothers
Carrier: Gulf Insurance Company
Project: Shower Building Replacement, Rand Lake (IL)
Bond No.: AE5943979

Dear Mr. Fowler:

This office has been retained by Gulf Insurance Company (Gulf) to investigate claims regarding the above captioned matter. Pursuant thereto, we have received formal notice of claim from Doug White Lumber Inc., one of our Principal's equipment suppliers on the instant project. Therefore, in accordance with the surety's equitable subrogation rights and further rights granted under the General Indemnity Agreement executed by Womack Brothers, it is hereby requested that no further payments be released to Womack Brothers or for its benefit, without the prior consent of this office.

I have enclosed herewith a copy of the General Indemnity Agreement, executed by Womack Brothers, for the benefit of Gulf. Section IV.B.4 states, in part:

> "To secure their faithful performance of this Agreement the Indemnitors hereby...Assign, convey, and transfer to the Surety upon the occurrence of a jeopardy Event all funds due or which may thereafter become due, whether for contract performance, change orders, retainages, claims, awards, settlement, interest, or otherwise, under any and all contract in which any or all of the indemnitors have an interest."

In addition, to assist us with this investigation, your cooperation is requested in providing this office with a status report of the above-captioned project (form attached).

Since swift action may be required to resolve this situation in the most economical manner, your prompt attention to this matter may be critical to the preservation of rights under the bond. We thank you in advance for your early reply. Should you have any questions, do not hesitate to contact the undersigned at (800) 325-9112 or Gulf's legal counsel, Ms. Anne Meyers, at (216) 520-4344.

None of the foregoing should be construed to admit any liability or to waive any rights, remedies, or defenses of Gulf Insurance Company or its Principal.

Very truly yours,

Timothy S. Miracle
Timothy S. Miracle
Claims Adjuster