IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02-626C |
| | ) | (Senior Judge Smith) |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations set forth in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits.

3. The allegations set forth in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations set forth in paragraph 4 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies.

5. Admits the allegations set forth in paragraph 5 to the extent that they are supported by the documents cited, which are the best evidence of their contents; otherwise denies.

6. Admits.

7. Admits the allegations set forth in paragraph 7 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies.

8. Denies the allegations set forth in paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9. Admits.

10. Admits that, subsequent to March 22, 1999, the Government made four payments to Womack totaling approximately $56,927.38; otherwise denies the allegations set forth in paragraph 10.

11. Defendant restates and reasserts its responses to paragraphs 1-10.

12. The allegations set forth in paragraph 12 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations set forth in paragraph 13 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations set forth in paragraph 14 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations set forth in paragraph 15 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations set forth in paragraph 16 constitute conclusions of law and plaintiff's characterizations of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 16, or to any relief whatsoever.

18. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s Margaret E. McGhee
MARGARET E. McGHEE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 305-3634
Fax. (202) 514-8624

July 18, 2003

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 18, 2003, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Margaret E. McGhee