IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF INSURANCE, CO. | ) | |
| | ) | |
| Plaintiff, | ) | No. 03-626C |
| | ) | (Senior Judge Smith) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A to the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this joint preliminary status report ("JPSR").

a. Jurisdiction

Plaintiff states that the Court possesses jurisdiction to hear and decide this action pursuant to 28 U.S.C. § 1491. Defendant believes there may be a basis upon which to challenge the Court's jurisdiction.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should trial of liability and damages be bifurcated?

The parties agree that trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. In cases other than tax refund actions, will a remand or suspension be sought?

The parties agree that no remand or suspension will be sought.

f. Will additional parties be joined?

The parties agree that no additional parties will be joined.

g. Does either party intend to file a dispositive motion pursuant to RCFC 12(b), 12(c), or 56?

Plaintiff intends to seek summary judgment pursuant to RCFC 56. After sufficient discovery has been completed, Defendant may submit a cross-motion for summary judgment pursuant to RCFC 56. Defendant may also submit a motion to dismiss pursuant to RCFC 12(b).

h. What are the relevant factual and legal issues?

Plaintiff's Issues:

(1) Whether the Tucker Act, 28 U.S.C. § 1491, waived sovereign immunity against claims against the United States brought under the theory of equitable subrogation.

(2) Whether the surety stands in the shoes of (i.e., is subrogated to the rights of) the contractor whose debts it paid.

Defendant's Issues:

(1) Whether the Court possesses jurisdiction to entertain the surety's claim, allegedly arising under the equitable doctrine of subrogation, where the surety does not stand in the contractor's shoes.

(2) Whether the Government's payments to the contractor were arbitrary, capricious, or an abuse of discretion.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

Defendant does not believe settlement is appropriate at this stage because of a pending jurisdictional issue. The parties do not contemplate utilizing ADR.

j. Do the parties anticipate proceeding to trial?

As stated above, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. Defendant may also submit a motion to dismiss pursuant to RCFC 12(b). If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling.

k. Are there special issues regarding electronic case management needs?

No.

l. Is there other information of which the Court should be aware at this time?

No.

m. Joint Proposed Scheduling Plan

The parties agree that written and document discovery will be completed by February 2, 2004. The parties agree that depositions will be completed by May 3, 2004. The parties do not intend to retain experts in this matter.

CONCLUSION

The parties respectfully request that the Court approve the schedule proposed above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s Margaret E. McGhee
MARGARET E. McGHEE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 305-3634
Fax. (202) 514-8624

Attorneys for Defendant
DATED: September 8, 2003

ROBERT G. BARBOUR
Watt, Tieder, Hoffar & Fitzgerald, L.L.P
7929 Westpark Drive, Suite 400
McLean, VA 22102
Tel. (703) 749-1000
Fax. (703) 893-8039

Attorney for Plaintiff
DATED: September 8, 2003