**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GULF INSURANCE COMPANY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 03-626C** |
| | ) | **(Senior Judge Smith)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**JOINT STIPULATION OF MATERIAL FACTS**

Pursuant to Rule 56(h)(3) of the Rules of the United States Court of Federal Claims, the parties submit this Joint Stipulation of material facts. The parties stipulate to these facts for the purposes of their dispositive motions. If dispositive motions do not fully resolve the case, the parties reserve the right to introduce additional evidence at trial.

(1) On or about February 18, 1998, the United States Army Corp of Engineers, St. Louis District ("COE" or "Government"), entered into Contract No. DACW43-98-C-0407 (the "Contract") with Womack Brothers ("Womack") for a construction project designated as the Shower Replacement Building, North Sandusky Access, Area, Rend Lake, Big Muddy River, in Franklin County, Illinois (the "Project"). Complaint 4. [1]

(2) On or about March 12, 1998, Plaintiff Gulf Insurance Company ("Gulf"), as surety for Womack, executed and provided a performance bond in the amount of $180,000 ("Performance Bond") and a payment bond in the amount of $90,000 ("Payment

[1] "Complaint ___" refers to the paragraph in plaintiff's complaint filed in this Court on March 21, 2003.

Bond") in connection with and as required under the Contract and the Miller Act, 40 U.S.C. § 270 et seq. Complaint 5.

(3) The Performance Bond and the Payment Bond were received and accepted by the Government. A 2,6 & 7.[2]

(4) Notice to proceed on the Contract was issued to and acknowledged by Womack on April 1, 1998. A 8.

(5) On February 10, 1999, the Government received a letter from a Gulf representative, Contract Operations Planning, Inc. ("COP"), advising that Gulf had received formal notice of claim from one of Womack's suppliers on the Project. A 9.

(6) The February 10, 1999 letter stated that "in accordance with the surety's equitable subrogation rights and further rights granted under the General Indemnity Agreement executed by Womack Brothers, it is hereby requested that no further payments be released to Womack Brothers, or for its benefit, without the prior consent of this office." A 9.

(7) On or about March 22, 1999, Womack's work under the Contract was substantially completed and accepted by the Government. A 10.

(8) Subsequent to March 22, 1999, the Government made four (4) payments to Womack totaling $56,937.38. Complaint 8.

(9) Subsequent to Gulf's February 10, 1999 letter to the Government, Gulf made payments in excess of $56,937.38 in connection with unsatisfied claims of Womack's subcontractors and suppliers for the Project. Complaint 10.

---

[2] "A ___" refers to the page in the Appendix attached to the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment.

(10) The payments made by Gulf to Womack's subcontractors and suppliers for the Project were made pursuant to the Payment Bond provided for the Project. Complaint 8.

(11) On or about October 30, 2001, the Government received a demand letter from Gulf's counsel seeking $56,927.38 for funds alleged to have been improperly paid to Womack. A 14.

(12) On or about January 13, 2003, the Government denied Gulf's demand for payment of the amounts paid to Womack. A 24.

(13) On or about March 21, 2003, Gulf filed suit in this Court, claiming that the $56,937.38 paid to Womack was improper and that Gulf is equitably subrogated to the contract rights of Womack. Complaint 15.

(14) For the purposes of their dispositive motions, the parties stipulate that Womack did not pay its subcontractors or suppliers any portion of the $56,937.38 received from the Government after March 22, 1999.

(15) If dispositive motions do not fully resolve this case, the stipulation of material fact shall be void.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

/s Robert G. Barbour

ROBERT G. BARBOUR
Watt, Tieder, Hoffar & Fitzgerald, LLP
7929 Westpark Drive, Ste. 400
McLean, VA 22102
Tel. (703) 749-1000
Fax (703) 893-8029

August 2, 2004

Attorney for Plaintiff

RONALD G. MORGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-6289
Fax (202) 514-7969

June 21, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this2nd day of August 2004, a copy of the foregoing JOINT STIPULATION OF MATERIAL FACTS WAS ELECTRONICALLY FILED. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s Robert G. Barbour

Ronald G. Morgan, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530