No. 03-626C
(Senior Judge Smith)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GULF INSURANCE COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

---

Robert G. Barbour, Esquire
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
7929 Westpark Drive, Suite 400
McLean, Virginia 22102

Attorney for Plaintiff

September 1, 2004

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ........ 1

ARGUMENT ........ 1

I. Introduction ........ 1

II. The Government Became a Stakeholder Upon the Substantial Completion and Acceptance of Womack's Work When Its Authority to Withhold Payments Under FAR 28.106-7 Vested ........ 2

III. The Issue Raised by the Government Regarding the Timing of Its Payments and Contract Completion is Both Immaterial and Factually Unsupported. ........ 6

CONCLUSION ........ 9

## TABLE OF AUTHORITIES

### CASES

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ....................................................7

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ....................................................................8

Int'l Fid. Ins. Co. v. United States, 25 Cl. Ct. 469 (1992) ..................................................6

Reliance Ins. Co. v. United States, 15 Cl. Ct. 62 (1988) ...........................................*passim*

## STATUTES, RULES AND REGULATIONS

FAR 28.106-7 ....................................................................................................2, 3

48 C.F.R. § 52.246-12 (1988) ..............................................................................8

Fed. R. Civ. P. 56 ...........................................................................................8

RCFC 56 ........................................................................................................9

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GULF INSURANCE COMPANY,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **No. 03-626C** |
| **THE UNITED STATES,** | **)** | **(Senior Judge Smith)** |
| | **)** | |
| **Defendant.** | **)** | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

On August 20, 2004, Defendant responded to Plaintiff's, Gulf Insurance Company ("Gulf"), cross-motion for summary judgment. Gulf files the following reply and respectfully renews its request that the Court deny Defendant the relief sought in its motion to dismiss or, in the alternative, for summary judgment and enter judgment in Gulf's favor on its Complaint on the grounds that Gulf is entitled to judgment as a matter of law. In support of its reply, Gulf relies upon the pleadings, the parties' Joint Stipulation of Material Facts and the following Brief.

ARGUMENT

I. Introduction

In its opposition to Gulf's cross-motion for summary judgment, the Government attempts to distinguish "substantial completion" from "contract completion," two concepts which are, for all legal purposes relevant to this case, equivalents. By placing inordinate (and legally unsupportable) emphasis on "contract completion," the Government attempts to create an issue for trial regarding when the Government's obligations as a stakeholder arose. As set forth in the discussion below, the Government's arguments are untenable and are flatly contradicted by the Claims Courts' decision in Reliance Ins. Co. v. United States, 15 Cl. Ct. 62 (1988). Moreover,

the "issue" identified by the Government relating to the timing of the Government's improper payments versus "contract completion" is both immaterial and factually unsupported.

## II. The Government Became a Stakeholder Upon the Substantial Completion and Acceptance of Womack's Work When Its Authority to Withhold Payments Under FAR 28.106-7 Vested

The Government's Response Brief correctly reflects Gulf's position that, for purposes of determining when a contracting officer may withhold payments to a contractor, substantial completion is the legal equivalent to "contract completion." The Government premises its opposition to Gulf's cross-motion on Gulf's failure to offer support for that proposition, which the Government describes as "contrary to the regulatory language governing such payments." Defendant's Response Brief, p. 12. In support of its own arguments that "contract completion" is both distinguishable from substantial completion and the trigger point for the Governmental obligations at issue in this case, the Government points to FAR 28.106-7. The United States Claims Courts' decision in Reliance Ins. Co. v. United States, 15 Cl. Ct. 62 (1988), however, specifically addressed the issue of the Government's obligations under FAR 28.106-7 and undermines both of the Government's principal arguments. In that regard, the Claims Court used the concepts of substantial completion and "contract completion" interchangeably and specifically held that the Government's obligations as a stakeholder of contract proceeds were triggered at substantial completion and despite the fact that a minor amount of work remained to be completed.

The dispute in Reliance centered on entitlement to certain contract funds withheld by the Government acting through the Army Corps of Engineers ("ACOE"). The claimants to the contract funds at issue included the surety for the contractor and a bank asserting rights as an assignee of the contractor. The surety, which claimed a right of equitable subrogation as a result

of payments made pursuant to its obligations under a payment bond, filed a motion for summary judgment contending that its interest in the withheld funds was superior to that of all other claimants.

The bank, as assignee of the contractor, opposed the surety's motion and argued that under the applicable Federal Acquisition Regulation, FAR 28.106-7, the ACOE's withholding was improper. The bank argued further that the contract funds at issue should have been paid out to the bank upon the ACOE's receipt of the bank's notice of assignment. The surety and the ACOE argued, conversely, that the ACOE's withholding of contract funds was proper under FAR 28.106-7. The surety's and the ACOE's argument was based specifically upon their position that the contract at issue was substantially completed prior to the date the ACOE received the bank's notice of assignment. With those arguments as a backdrop, the Claims Court undertook an analysis of the propriety of ACOE's actions.[1]

The Claims Court stated that the obvious intent of FAR 28.106-7 is "to insure that contract performance will not be impeded by haggling over who was to receive contract payments." 15 Cl. Ct. at 67. The Court went on to rule that "[t]he contracting officer's decision to withhold contract payments in this case did not conflict with this intent since his action did not impede contract performance." Id. The Court, in turn, premised this conclusion upon its finding that "[t]he contract was substantially complete when the contracting officer decided to withhold the contract proceeds in question." Id. (emphasis added). The Court's ruling clearly indicates that, for purposes of determining when a contracting officer has the authority to withhold

[1] In Reliance, the ACOE utilized its authority under the Federal Acquisition Regulations to withhold payments to a contractor. In this litigation, the Government ignored its authority under the Federal Acquisition Regulations and made payments to Womack over Gulf's objections. This factual distinction is immaterial, and to the Claims Court's analysis of the ACOE's authority under FAR 28.106-7 and its status as a stakeholder is squarely on point.

payments under FAR 28.106-7, "substantial completion" is the legal equivalent of "contract completion."[2] In fact, the Claims Court specifically identified substantial completion as a proper demarcation for determining whether a contracting officer has the authority to withhold contract payments. Id. at 70 ("The facts in this case clearly meet the test for deeming the contract to be substantially complete for purposes of determining whether there was compliance with applicable regulations").[3]

Equally important, the Claims Court specifically held in Reliance that the Government becomes a stakeholder of contract proceeds upon the contractor's substantial completion of the contract work, even though some minor deficiency work may remain to be corrected. In that regard, the Court held that "[a]s of June 1985, the Corps has held the contract balance as a stakeholder," 15 Cl. Ct. at 66, despite its specific finding that some minor work remained to be completed. See 15 Cl. Ct. at 68 ("At the time the Corps determined not to release the final contract proceeds to any of the claimants on June 4, 1985 . . . the contract was essentially complete, though some work deficiency remained to be corrected"). In so holding, the Claims

[2] Throughout its opinion, the Claims Court used the terms "complete" and "substantially complete" together as if to represent a single concept. See, e.g., 15 Cl. Ct. at 67 ("Assuming, arguendo, the applicability of the regulations, FAR or CFR, to the contract at issue, the question arises as to whether contract performance was completed or substantially completed during the critical period when the surety and the assignee were asserting rights to the contract proceeds"); see also, Id. ("In determining when contract performance was complete or substantially complete in this case, two critical dates surface"). The Claims Court also used the terms "completed" and "substantially completed" interchangeably. See 15 Cl. Ct. at 68 ("On June 4, 1985, when the Contracting Officer advised the interested parties he was withholding payment, the contract was substantially, if not totally, complete"); see also 15 Cl. Ct. at 70 ("Since the contract work was completed on June 4, 1985, when the Corps gave notice of its decision to withhold contract proceeds, the withholding was not accomplished 'during contract performance'").

[3] The Court in Reliance looked at several factors to determine whether work under the contract at issue was in fact substantially completed as of the date the Government notified the parties of its intent to withhold payment. See 15 Cl. Ct. at 70. No such analysis is required in this case, however, since the Government has stipulated that "[o]n or about March 22, 1999, Womack's work under the Contract was substantially completed and accepted by the Government." JS7.

Court specifically rejected the position advanced by the Government in this case that "contract completion" (which the Government appears to define as total completion), and not "substantial completion, triggers the Government's obligations as a stakeholder. See Defendant's Response Brief, p. 13.

The Claims Court's decision in Reliance also demonstrates that the Government's arguments regarding the nature of the Government's duty before and after contract completion are misplaced. In that regard, the Government argues that before contract completion, the only default that gives rise to the Government's duty is "the contractor's default on its Government contract, not default upon its contracts with its subcontractors or suppliers." Defendant's Response Brief, p. 15. More simply put, the Government argues that it owes no obligation as a stakeholder to a payment bond surety until contract completion, i.e., that point in time when each and every item of work under the contract is finally and totally completed. The Court in Reliance rejected this position, however, and specifically found that the ACOE's obligations as a stakeholder in remaining contract proceeds arose upon the contractor's substantial completion of the contract work and despite the fact that "some work deficiency remained to be corrected." 15 Cl. Ct. at 68.[4] The Court also made clear in its opinion that the surety's claims were solely under its payment bond and that no claim was being advanced under the performance bond. Id. at 71-72. Thus, the Court clearly and unequivocally held that, at substantial completion of the contract, the ACOE owed a duty as a stakeholder[5] to a surety based upon payments made solely under a payment bond.

---

[4] Moreover, the Court found that withholding contract payments after substantial completion "did not impede contract performance," Id. at 67, and that "[t]he contract funds [the contracting officer] was withholding were not needed to ensure completion." Id. at 68.

[5] The Claims Court, consistent with the Government's duty described in Gulf's Complaint and cross-motion for summary judgment, described the ACOE's duty as follows: "The Corps of

Based upon the discussion above, the Government's position that its obligations as a stakeholder arose only upon the final completion of Womack's contract work is wrong. Once Womack substantially completed its work under the contract and that work was accepted, on March 22, 1999, the Government had a clear right to withhold further payments to Womack under FAR 28.106-7. Having received notice from Gulf of Womack's default, the Government was at this juncture a stakeholder in any unpaid contract funds with a duty to avoid sending retained funds to the wrong parties. Int'l Fid. Ins. Co. v. United States, 25 Cl. Ct. 469, 477 n. 11 (1992). The payments made by the Government to Womack after March 22, 1999 were made in clear violation of its duty as a stakeholder. Because there is no material dispute regarding any of the elements of Gulf's claim, Gulf is entitled to judgment on its claim as a matter of law.

## III. The Issue Raised by the Government Regarding the Timing of its Payments and Contract Completion is Both Immaterial and Factually Unsupported.

In addition to its legal argument that the Government's duties as a stakeholder arose only after final completion of the contract, the Government asserts, as a factual issue, that work remained to be completed after substantial completion and acceptance of Womack's work occurred on March 22, 1999. According to the Government, these legal and factual assertions raise a triable issue "as to whether the complained of payments were made before contract completion and before the Government's role solely as a stakeholder arose or after that time." Defendant's Response Brief, p. 12. The "issue" raised by the Government is, however, immaterial to the Court's analysis of Gulf's cross-motion. As discussed above, the Government's obligations as a stakeholder arose upon the substantial completion of Womack's work -- not upon final completion. Thus, the timing of Womack's completion of any remaining

---

Engineers, caught in the middle between two competing claimants . . . 'cannot, in effect, decide the merits of their claims by the mere physical act of delivering the stake to one of them.'" Id. at 68 (citations omitted).

work items after substantial completion and whether that preceded the payments about which Gulf complains will have no impact on the outcome of this suit. As such, the "issue" raised by the Government cannot defeat Gulf's properly supported motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment"); Id. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").

Moreover, the Government has offered no credible evidence whatsoever that any work under Womack's contract remained to be completed after March 22, 1999 or at the time the Government made the payments to Womack which are the subject of this litigation. First, the Government points to letter from the contracting officer which allegedly informed Gulf that "final completion of the contract work was the point at which the Government's role solely as stakeholder arose." Defendant's Response Brief, p. 11.[6] Noticeably absent from that letter, however, is the identification of any specific work that remained to be completed after March 22, 1999, or even an assertion that such uncompleted work existed. See GA23.

Second, the Government points to an unsigned letter dated March 29, 1999 that purports to identify punch list items noted during an inspection. Defendant's Response Brief, p. 11-12. That letter is not part of the parties' Joint Stipulation of Material Facts, nor is it accompanied by an affidavit regarding its authenticity or accuracy. As such, the letter is not credible evidence to support the Government's conclusory assertion that "work remained to be done on the contract." Id.

---

[6] Defendant's Response Brief identifies the contracting officer's letter as "GA3," which is an apparent typographical error. The referenced contracting officer's letter is located at page 23 of the Government's Appendix.

Finally, the Government highlights the fact that Womack's final payment voucher was not transmitted to the contracting officer until September 10, 1999 and asserts, without a shred of support, that this event "occurs at contract completion." Defendant's Response Brief, p. 12. The Government's assertion, of course, is not evidence. Nor does the Government's assertion provide facts establishing that a genuine issue for trial exists.

The uncontroverted facts in this case establish that the work under Womack's contract was substantially completed and accepted by the Government as of March 22, 1999. JS7.[7] The Government bases its entire opposition to Gulf's cross-motion for summary judgment upon its assertion that work remained to be completed after that date and the "issue" whether its payments to Womack were made before or after that work was performed. In opposing Gulf's cross-motion, the Government bears the burden to "make a showing sufficient to establish the existence of an element essential to [the Government's] case, and on which [the Government] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). As the nonmoving party, the Government cannot rely on conclusory statements or assertions. See Id. at 324. Opposing a motion for summary judgment, therefore, requires the Government to go beyond the pleadings and by its own affidavits, or by admissions on file, designate "specific facts showing there is a genuine issue for trial." Id. This showing is critical under Rule 56(c) because unless it is made "there can be 'no genuine issue as to any material fact,' since a complete failure

[7] The Government miscites its own stipulation of facts when it asserts in its Response Brief that "acceptance of substantial completion may have occurred on March 22, 1999." Defendant's Response Brief, p. 11. In fact, it is uncontroverted that "on or about March 22, 1999 Womack's work under the Contract was … accepted by the Government." JS7. The parties' Joint Stipulation of Material Facts did not limit, in any way, the Government's acceptance of Womack's work. This is important because the regulatory language governing acceptance provides, in relevant part, that "[u]nless otherwise specified in the contract, the Government shall accept, as promptly as practical after completion and inspection, all work required by the contract or that portion of the work the Contracting Officer determine can be accepted separately. . ." 48 C.F.R. § 52.246-12 (1988) (emphasis added).

of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323 (quoting Fed. R. Civ. P. 56(c)).

The Government's conclusory and factually unsupported assertions that work remained to be completed after Womack achieved substantial completion are insufficient to support its opposition to Gulf's cross-motion. The Government has not come forward with specific facts showing the existence of such remaining work. This fatal flaw in the Government's opposition entitles Gulf to the summary relief it requests.

## CONCLUSION

For the reasons set forth above, Gulf respectfully requests that this Court grant Gulf's motion for summary judgment pursuant to RCFC 56(b).

Respectfully submitted,

/s Robert G. Barbour
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
7929 Westpark Drive, Suite 400
McLean, VA 22102
(703) 749-1000

Attorney for Plaintiff

September 1, 2004

CERTIFICATE OF FILING

I hereby certify that on this 1st day of September 2004, a copy of PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s Robert G. Barbour

Ronald G. Morgan, Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530